# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

CALIFORNIA GREENHOUSE FARM LIMITED )
PARTNERSHIP; Renbo BIAN; Haiyan GUO; Hiong )
GUO; Guixia LI; Haixing LIU; Ning MA; Ying QIN; )
Xinjiang WANG; Xiuyun WANG; Shen XIA; Lili XU; )
Hanchen YAO; Yinglai ZHAO; Yi ZOU; )

                 *Plaintiffs* )

                 **v.** )       **Docket No.: 17-cv-3639**

John KELLY, Secretary of the United States )
Department of Homeland Security; James MCCAMENT, )   **Judge: _____**
Director, United States Citizenship and Immigration )
Services; Nicholas COLUCCI, Chief, Immigrant Investor )   Agency No.s:
Program Office, United States Citiciznship and )   WAC1590035515
Immigration Services; UNITED STATES CITIZENSHIP )   WAC1490085345
AND IMMIGRATION SERVICES; )   WAC1490359082
     )   WAC1409123950
     )   WAC1490080610
     )   WAC1590364275
     )   WAC1490359080
     )   WAC1490101799
     )   WAC1490271239
        *Defendants.* )   WAC1490079251

—————————————————————————— x
                                 WAC1490075409
                                 WAC1490301603
                                 WAC1490075439
                                 WAC1590344414

## PLAINTIFF'S COMPLAINT
## FOR WRIT IN THE NATURE OF MANDAMUS

Plaintiffs, by and through their undersigned attorneys, commence this action against the above-named Defendants, and state as follows:

1. Plaintiffs are fourteen foreign investors and a U.S. company that has been designated as an approved regional center by the United States Citizenship and Immigration Services (USCIS). The individual named Plaintiffs have all invested $500,000 each into California Greenhouse Farm IV Limited Partnership LLC for the purpose of making a qualifying investment under 8 U.S.C. § 203(b)(5) (commonly referred to as the EB-5 visa category or

EB-5 program) which allows a foreign investor who makes a qualifying investment into a U.S. company, and which investment results in the creation of at least ten jobs for U.S. workers, to qualify for an immigrant visa and subsequent lawful permanent resident status in the U.S. (i.e. a "green card"). The Plaintiff Regional Center is the sponsor of California Greenhouse Farm IV Limited Partnership for the purposes of the EB-5 program. The purpose of California Greenhouse Farm IV Limited Partnership is to provide funding, derived from foreign investment under the EB-5 program, to a job creating project- the development and operation of a 20 acre site in Kern County, California into a greenhouse farm consisting of 12 acres of greenhouses, used to grow vegetables year round. The investors' I-526 petitions for an immigrant visa have been delayed significantly beyond USCIS published processing times- and in some cases as much as three-and-a-half years- to the detriment of the regional center, the investors, and the job creating project that the investors and the regional center seek to fund. The investors have made an at-risk investment of $500,000 each in the interest of pursuing their immigration to the U.S., and face ongoing financial risks and the harms that come from the ongoing uncertainty about their immigration status as a result of the agency's delay in processing their immigrant visa petitions. The delay is also harmful to the goals of the EB-5 program- promoting domestic job creation through the promotion of foreign investment into the U.S.

2.  This action is brought against the Defendants to compel action on fourteen unreasonably delayed I-526 petitions for alien entrepreneur filed by the individual Plaintiffs on the basis of their investments into California Greenhouse Farm IV Limited Partnership.

## PARTIES

3.  Plaintiff, California Greenhouse Farm Limited Partnership ("CGF") (DBA California Greenhouse Farm Regional Center) is a California Limited Partnership with offices at 2640 E. Washington Blvd, Suite 9, Los Angeles, CA. CGF was designated under the EB-5 program as a USCIS approved regional center on September 8, 2010.

4.  Plaintiff, Renbo Bian is a Chinese national, currently residing in China.

5.  Plaintiff, Haiyan Gao, is a Chinese national, residing in China.

6.  Plaintiff, Hiong Guo, is a national of China, residing in China.

7.  Plaintiff, Guixia Li, is a Chinese national, residing in China.

8.  Plaintiff, Haixing Liu, is a Chinese national, residing in China.

9.  Plaintiff, Ning Ma, is a Chinese national residing in China.

10. Plaintiff, Ying Qin, is a Chinese national, currently residing in China.

4850-3102-9812, v. 1

11. Plaintiff, Xinjiang Wang, is a Chinese national residing in China.

12. Plaintiff, Xiuyun Wang, is a Chinese national, residing in China.

13. Plaintiff, Shen Xia, is a Chinese national, residing in China.

14. Plaintiff, Lili XU, is a Chinese national, residing in China.

15. Plaintiff, Hanchen Yao, is a Chinese national, residing in China.

16. Plaintiff, Yinglai Zhao, is a Chinese national, residing in China.

17. Plaintiff, Yi Zou, is a Chinese national, residing in China.

18. Defendant, John Kelly, is the Secretary of the United States Department of Homeland Security, with responsibility for the administration of applicable laws and statutes governing immigration and naturalization. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security.  More specifically, the Secretary, is responsible for the adjudication of applications to amend regional center designations and petitions for alien entrepreneurs.

19. Defendant, James McCament, is the Acting Director of USCIS, and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities. These functions include: adjudication of immigrant visa petitions and applications for adjustment of status; adjudication of naturalization petitions; adjudication of asylum and refugee applications; adjudications performed at the service centers, and all other adjudications performed by the USCIS.

20. Defendant, Nicholas Colluci, is the Chief of the USCIS Immigrant Investor Program Office, which is directly charged with responsibility for processing applications and petitions under the EB-5 program, and specifically applications to amend regional center designations and petitions for alien entrepreneurs.

21. Defendant, U.S. Citizenship and Immigration Services ("USCIS") (formerly, the Immigration and Naturalization Service) is an agency of the federal government within the Department of Homeland Security (formerly, within the U.S. Department of Justice) and is responsible for the administration of laws and statutes governing immigration and naturalization.  USCIS has an office at 26 Federal Plaza, New York, New York.


## JURISDICTION

22. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et. seq.*, and 28 U.S.C. §2201 *et. seq.*  Relief is requested pursuant to said statutes.   Specifically,

this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. §1361, which provides the district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." Further, the Declaratory Judgment Act, 28 U.S.C. §2201, provides that: "[i]n a case of actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Review is also warranted and relief sought under the Administrative Procedure Act 5 U.S.C. §701 *et seq*., § 702, §706(1) and §555(b).

## VENUE

**23.** Venue properly lies within the Southern District of New York pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant in the action resides.

## EAJA FEES

24. In connection with the claim for attorneys' fees and costs, under the Equal Access to Justice Act 28 U.S.C. §2412, Plaintiffs seeks to recover costs and attorneys' fees incurred in bringing this action. Plaintiffs have retained the law firm of Klasko Immigration Law Partners, LLP to represent them in this action. Plaintiffs are obligated to pay reasonable attorneys' fees and costs incurred in the prosecution of this cause.

## EXHAUSTION OF REMEDIES

25. Plaintiffs have exhausted their administrative remedies. Plaintiffs have made inquiries with defendants concerning the status of their petitions, all to no avail. No other administrative remedy is available to Plaintiffs.

## BACKGROUND ON THE EB-5 PROGRAM

26. In 1990, Congress amended the Immigration and Nationality Act of 1965, allocating, inter alia, 10,000 immigrant visas per year to foreign nationals seeking Lawful Permanent Resident ("LPR") status on the basis of their capital investments in the United States. See generally the Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978 (1990) (codified at 8 U.S.C. § 1153(b)(5)). Pursuant to the so-called "Immigrant Investor Program," foreign nationals may be eligible for an employment-based, fifth preference ("EB-5") immigrant visa if they have invested, or are actively in the process of investing,

4

$1 million (or $500,000 in a high unemployment or rural area) in a qualifying New Commercial Enterprise ("NCE"), and that investment results in the creation of at least ten jobs for U.S. Workers. See 8 U.S.C. § 1153(b)(5)(A)-(D); see also 8 C.F.R § 204.6(a)-(j). The EB-5 regulations further provide that, in order to qualify as an "investment" in the EB-5 Program, foreign nationals must actually place their capital "at risk" for the purpose of generating a return, and that the mere intent to invest is not sufficient. See 8 C.F.R. § 204.6(j)(2). The purpose of this program was to promote foreign direct investment into, and job creation within, the U.S.

27. In 1993, Congress created the Immigrant Investor Pilot Program ("Pilot Program") through the enactment of various provisions of section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act. See Pub. L. No. 102-395, § 601, 106 Stat. 1828, 1874 (1992). The Pilot Program allows foreign investors who invest in NCEs affiliated with USCIS (formerly INS) designated regional centers to meet the 10-jobs-per investor by counting indirect jobs- i.e. jobs that created outside of the NCE. Further, in addition to not being restricted to only counting employees of the NCE, investors under the Pilot Program are allowed to use any valid statistical forecasting model to demonstrate job creation. *See* § 601(a)-(c) of Pub. L. No. 102-395; *see also* 8 C.F.R. § 204.6(e), (j)(4)(iii), (m)(7)(ii). The intent of these reforms was, again, to incentivize and promote foreign investment into, and job creation within, the U.S.

28. Regional center investment projects typically use an economic model, such as the RIMS II Input/Output model, a U.S. government created model, for predicting the job creation resulting from EB-5 investment into a given project. Input/Output models are based on multipliers derived from vase amounts of government data. For every unit of input, the multiplier is applied to derive a number of units of output. For instance, most common in the EB-5 program is the use or construction expenditures as an input. For every $1 million of construction expenditures, $X$ number of jobs are created (the multiplier varies by region, but typically there are 10-12 jobs per $1 million of construction expenditures). The ability to count indirect jobs and use an economic model allows EB-5 funds to be used for types of development projects that would not ordinarily qualify under the non-regional center program due to its requirement of counting only employees of the NCE. Another result of the Pilot Program is that regional centers can aggregate investments from a large number of EB-5 investors in order to finance larger scale projects.

29. In order to become an LPR through both the standard and regional center-model program, a foreign national must initially file with USCIS a Form I-526, Immigrant Petition by Alien Entrepreneur, which, if approved, makes the foreign national eligible to receive an employment-based, fifth preference immigrant visa, *see generally* 8 U.S.C. § 1153(b)(5). Upon approval of the I-526 Petition, the foreign national must file a Form I-485, Application to Adjust Status (if he or she is located in the United States), or a Form DS-260, Application for Immigrant Visa and Alien Registration (if he or she is located outside the United States). *See generally* 8 U.S.C. § 1201 (provisions relating to the issuance of entry documents); 8 U.S.C. § 1255 (provisions relating to adjustment of status). Upon adjustment of status or admission on an EB-5 immigrant visa, the foreign national is granted two-years of conditional permanent resident status, provided that the foreign

national is not otherwise ineligible for admission into the United States. *See generally* 8 U.S.C. § 1182 (provisions relating to excludable aliens). Finally, at the conclusion of the two-year conditional period, the foreign national must file a Form I-829, Petition to Remove the Conditions on his or her LPR status. If the foreign national has fulfilled the EB-5 requirements- i.e. has invested, maintained the investment at risk, and the investment has resulted in the creation of at least ten jobs for U.S workers- then the conditions will be removed and the foreign national will be an unconditional LPR. *See generally* 8 U.S.C. § 1186b (provisions relating to conditional permanent resident status for certain alien entrepreneurs, spouses, and children).

## FACTUAL ALLEGATIONS

30. Plaintiff, CGF was designated under the EB-5 program as a USCIS approved regional center on September 8, 2010.

31. Plaintiff, CGF, caused the formation of California Greenhouse Farm IV Limited Partnership, an NCE, which would serve as the EB-5 investment vehicle for foreign investors seeking to invest in the California Greenhouse Farm IV project and obtain an EB-5 visa (and subsequent conditional, then unconditional, lawful permanent residence in the U.S.).

32. The California Greenhouse Farm IV project is the fourth in a series of similar projects that involve he development of parcels of land in Kern County into greenhouse farms. On information and belief, USCIS has approved I-526 petitions for the previous projects.

33. According to the Economic Impact Report submitted with Plaintiffs' I-526 petitions, the construction of the California Greenhouse Farm IV project will result in the creation of approximately 198 new, permanent jobs for U.S. workers. As such, the Project more than meets the 10-jobs-per-investor requirement of the EB-5 program, and has a significant economic impact to the local economy.

34. The investment into California Greenhouse Farm IV Limited Partnership is structured so that an investor whose I-526 petition is denied is entitled to a refund of his or her investment.

35. On December 13, 2013, the first two investor I-526 petitions were filed by investors in California Greenhouse Farm IV Limited Partnership.

36. Each I-526 petition filed by an investor in California Greenhouse Farm IV Limited Partnership contains a section devoted to the investor's biographical information and source of funds (the investor portion), and a set of template documents relating to the eligibility of the project, including a template cover letter to be used by the investor's attorney in the preparation if that investor's I-526 submission (the project portion).

37. The project portion of the I-526 is provided by CGF to all investors who file I-526 petitions in relation to California Greenhouse Farm IV Limited Partnership, so that all investors can file with the same project documents. The purpose is to ensure consistency in filings.

38. On December 22, 2015, USCIS issued a Request for Evidence (RFE) to one of the investors.

39. Between that date and August 2016, USCIS issued the same or similar RFEs to the remaining investors.

40. On information and belief, all the investor plaintiffs timely filed responses to the RFE.

41. On December 5, 2016, USCIS sent a request for clarification (RFC) to Plaintiff, Yinflai Zhao, seeking clarification of the address of the California Greenhouse Farm IV project.

42. A response was provided to USCIS on December 14, 2016.

43. On information and belief, no action has been taken on any I-526 petition for any investor in California Greenhouse Farm IV Limited Partnership since that date.

44. Plaintiff, Renbo Bian is a Chinese national, currently residing in China. On July 27, 2014, Plaintiff Bian made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa. On October 29, 2014, Plaintiff Bian filed an I-526 petition (WAC1590035515) with Defendants based on that investment. The I-526 petition remains pending, almost three years later.

45. Plaintiff, Haiyan Gao, is a Chinese national, residing in China. On March 29, 2013, Plaintiff Gao made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa. On December 23, 2013, Plaintiff Gao filed an I-526 petition (WAC1490085345) with Defendants based on that investment. The I-526 petition remains pending, almost three-and-a-half years later.

46. Plaintiff, Hiong Guo, is a national of China, residing in China. On May 23, 2014, Plaintiff Guo made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa. On July 3, 2014, Plaintiff Guo filed an I-526 petition (WAC1490085345) with Defendants based on that investment. The I-526 petition remains pending, almost three years later.

47. Plaintiff, Guixia Li, is a Chinese national, residing in China. On September 26, 2013, Plaintiff Li made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa. On February 3, 2014, Plaintiff Li filed an I-526 petition (WAC1490123950) with Defendants based on that investment. The I-526 petition remains pending, almost three-and-a-half years later.

48. Plaintiff, Haixing Liu, is a Chinese national, residing in China. On June 6, 2013, Plaintiff Liu made an investment of $500,000 into California Greenhouse Farm IV Limited

Partnership with the intention of qualifying for an EB-5 visa.  On December 18, 2013, Plaintiff Liu filed an I-526 petition (WAC1490080610) with Defendants based on that investment.  The I-526 petition remains pending, almost three-and-a-half years later.

49. Plaintiff, Ning Ma, is a Chinese national, residing in China.  On October 3, 2014, Plaintiff Ma made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On May 27, 2015, Plaintiff Ma filed an I-526 petition (WAC1590364275) with Defendants based on that investment. The I-526 petition remains pending, almost two years later.

50. Plaintiff, Ying Qin, is a Chinese national, residing in China.  On March 10, 2014, Plaintiff Qin made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On July 3, 2014, Plaintiff Qin filed an I-526 petition (WAC1490359080) with Defendants based on that investment. The I-526 petition remains pending, almost three-and-a-half years later.

51. Plaintiff, Xinjiang Wang, is a Chinese national, residing in China.  On May 21, 2013, Plaintiff Wang made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On January 10, 2014, Plaintiff Wang filed an I-526 petition (WAC1490101799) with Defendants based on that investment.  The I-526 petition remains pending, almost three-and-a-half years later.

52. Plaintiff, Xiuyun Wang, is a Chinese national, residing in China.  On February 18, 2014, Plaintiff Wang made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On May 5, 2014, Plaintiff Wang filed an I-526 petition (WAC1490123950) with Defendants based on that investment.  The I-526 petition remains pending, three years later.

53. Plaintiff, Shen Xia, is a Chinese national, residing in China.  On July 18, 2013, Plaintiff Xia made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On December 17, 2013, Plaintiff Xia filed an I-526 petition (WAC1490079251) with Defendants based on that investment.  The I-526 petition remains pending, almost three-and-a-half years later.

54. Plaintiff, Lili Xu, is a Chinese national, residing in China.  On July 19, 2013, Plaintiff Xu made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On December 13, 2013, Plaintiff Xu filed an I-526 petition (WAC1490075409) with Defendants based on that investment.  The I-526 petition remains pending, almost three-and-a-half years later.

55. Plaintiff, Hanchen Yao, is a Chinese national, residing in China.  On February 11, 2014, Plaintiff Yao made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On May 19, 2014, Plaintiff Yao filed an I-526 petition (WAC1490301603) with Defendants based on that investment. The I-526 petition remains pending, three years later.

56. Plaintiff, Yinglai Zhao, is a Chinese national, residing in China.  On July 10, 2013, Plaintiff Zhao made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On December 13, 2013, Plaintiff Zhao filed an I-526 petition (WAC1490075439) with Defendants based on that investment.  The I-526 petition remains pending, almost three-and-a-half years later.

57. Plaintiff, Yi Zou, is a Chinese national, residing in China.  On September 10, 2014 Plaintiff Zou made an investment of $500,000 into California Greenhouse Farm IV Limited Partnership with the intention of qualifying for an EB-5 visa.  On May 18, 2015, Plaintiff Zou filed an I-526 petition (WAC1590344414) with Defendants based on that investment.  The I-526 petition remains pending, two years later.

58. Plaintiffs have made multiple inquiries with Defendant USCIS about the status of their petitions, but have received only form responses from USCIS, with no meaningful or case specific information.

59. The longer it takes for the investor Plaintiffs' I-526 petitions to be processed, the longer their money is at risk, and the greater the risk that the project will not have available funds to repay them if their I-526 petitions are denied.

60. The investor Plaintiffs all face harms arising from the uncertainty of their immigration status, which are exacerbated and prolonged by the ongoing delays in adjudicating and their I-526 petitions.

61. Put simply, the California Greenhouse Farm IV Limited Partnership, the California Greenhouse IV project, and the investor Plaintiffs all need resolution of the pending I-526 petitions so they can plan for the future and run their businesses or plan their lives.

62. According to 8 U.S.C. §1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."

63. According to information published by Defendant USCIS on December 23, 2014, the average processing time for an I-526 petition was 14.7 months.

64. Since at least 2012, USCIS has stated publicly and regularly at stakeholder meetings and calls that its goal for adjudications is 6 months or less for I-526 petitions.

65. USCIS is primarily a fee supported, and not appropriations supported agency.

66. On information and belief, USCIS, through DHS, is permitted to set filing fees for the applications and petitions it adjudicated, including the I-924 application and I-526 petition.

67. On May 4, 2016 USCIS (through DHS) issued a Notice of Proposed Rulemaking (NPRM), in which it proposed fee increases for almost all types of benefits applications and petitions it adjudicates.  That NPRM suggests that USCIS is using EB-5 filing fees to pay for other, non-EB-5 adjudications instead of using EB-5 filing fees to process EB-5 application and petitions in a timely fashion.  *See* 81 Fed. Reg. No. 86. At 26904, *et seq*.

68. In the NPRM, USCIS states that the average number of employee hours it takes to process an I-526 petition **is only 6.5 hours**.

69. On information and belief, the Immigrant Investor Program Office has the authority to hire personnel at rates outside of the normal GS scale in order to attract candidates with the specialized business and economic knowledge and experience that is relevant to EB-5 adjudications.

70. On information and belief, USCIS, through DHS, has the ability to set fees at a level necessary to ensure sufficient resources to hire enough staff to process EB-5 applications and petitions in a timely manner.

71. The filing fee for an I-526 petition is currently $3,675.  On information and belief, it is the third most expensive filing fee for a single petition (the first is the I-924 application for regional center designation at $17,795, and the second most expensive is the I-829, at $3,750, both of which are also EB-5 petitions).

72. Plaintiffs have followed all filing procedures, and have submitted complete petitions.

73. On information and belief, Plaintiffs are, and have been since the time of filing, eligible to have their petitions approved.

## CLAIMS

74. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiffs' petitions, thereby depriving them of the right to a decision on their status and the peace of mind to which they are entitled.

75. Plaintiffs have fully complied with all applicable laws, regulations and procedures, and have provided Defendants with all information and documents required or requested in conjunction with their application and petitions.

76. Defendants' delay in adjudicating the investor Plaintiffs' I-526 petitions is unreasonable and unjustified.

77. USCIS has the ability to generate fee income and allocate sufficient resources to meet its own case processing goals and the time frame specified by Congress for the adjudication of immigrant benefits, but Defendants continue to unreasonably fail to do so.

78. Regardless of resources, Defendants' failure to adjudicate Plaintiffs' application and petition within normal processing times is unreasonable.

79. The EB-5 program was intended by Congress to stimulate job creation in the U.S., and USCIS' failure to adjudicate EB-5 petitions within the time frame specified by Congress and the goals stated by the agency itself frustrates the goals of the program, and makes the delay in the adjudications of Plaintiffs' application and petitions even more unreasonable.

80. USCIS has offered no reason for the delay, and has not indicated a time frame in which a response can be expected, and has only provided automated form responses to inquiries, all of which undermine confidence in its intent to adjudicate the application and petitions within a reasonable time absent court intervention.

81. Plaintiffs have been greatly damaged by the failure of Defendants to act in accordance with their duties under the law and adjudicate their applications.

   a. Investor Plaintiffs have been damaged in that their funds remain at risk, with no indication of whether they will be able to obtain the immigration benefit that motivated them to make the investment.

   b. Investor Plaintiffs have been damaged in that they face ongoing uncertainty about their future, which hinders their ability to make career, family, and life choices, and deprives them of the peace of mind of knowing where their futures will be.

   c. Plaintiff, CGF, may suffer reputational damage by virtue of speculation as to why the I-526 petitions have not been approved despite being well beyond normal processing times.  This reputational damage may discourage potential EB-5 investors from investing in other projects being sponsored by CGF.

82. The harm suffered by Plaintiffs is ongoing, and can be resolved only through the adjudication of their applications.

83. Plaintiffs have a statutory right to the adjudication of their petitions pursuant to the INA and governing regulations at 8 C.F.R. § 204.6.

84. Defendants are required by their own regulations to adjudicate and issue a written decision on Plaintiffs' petitions.  *See* 8 C.F.R. § 204.6(k), (m)(5).

85. Plaintiffs' payment of fees and Defendants' acceptance of those fees for processing Plaintiffs' application and petitions represents a *quid pro quo* whereby Defendants are

accepting a fee in exchange for providing a service- namely the processing and adjudication of Plaintiffs' application and petitions.

86. In the process of adjudicating an I-526 petition, on information and belief, Defendants are required to complete certain security checks. However, on information and belief, none of these should cause a significant delay in adjudication.

87. According to a report published by one of Defendants' agencies, the FBI name check is concluded within one month for 94% of applicants, and within six months for 99% of applicants. However, according to a recent USCIS press release, the backlog of FBI name checks has been eliminated, and there remain NO cases in which an FBI name check has been pending for more than six months. All other security checks performed in conjunction with Defendants' adjudication of an application or petition generally take less than a month to complete, and some take as little as a day or two. *See* Office of the Inspector General, "A Review of U.S. Citizenship and Immigration Service's Alien Security Checks," November, 2005; USCIS Fact Sheet "Immigration Security Checks- How and Why the Process Works," April 25, 2006.

88. Defendant USCIS is an administrative agency subject to 5 U.S.C. § 555(b), which provides "[w]ith due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time**, each agency **shall** proceed to conclude a matter presented to it." (*Emphasis added*).

89. Completing security checks and adjudicating I-526 petitions are purely routine and ministerial duties performed on a daily basis by Defendants.

90. Except under very specific provisions of law that are not applicable here, Defendants lack the legal authority or discretion to abstain from processing applications or petitions for immigration benefits or completing security checks.

91. Thus the completion of security checks and adjudication of I-526 petitions are clearly subject to the requirements of 5 U.S.C. § 555(b), and Defendants have a legal duty to complete them within a reasonable time.

92. Because Defendants have a purely ministerial duty under the law to adjudicate Plaintiffs' application and petitions within a reasonable time, and have utterly failed, or refused, to do so, a Writ of Mandamus is proper to compel Defendants to perform their duty to adjudicate Plaintiffs' application and petitions to avoid further harm to Plaintiffs.

93. For the same reasons, relief under the A.P.A. is warranted.

### PRAYER FOR RELIEF

94. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

a.  granting Plaintiffs a Writ of Mandamus and/or an order under the A.P.A. requiring Defendants to adjudicate the investor Plaintiffs' I-526 petitions within 30 days;

b.  awarding Plaintiffs reasonable attorney's fees; and

c.  granting such other relief at law and in equity as justice may require.

d.  It is further requested that the Court retain jurisdiction over this matter to ensure Defendants' compliance with this Court's order.

Respectfully submitted,


s/
Daniel B. Lundy, Esq.
Klasko Immigration Law Partners, LLP
1601 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 825-8600
(215) 825-8699 (fax)
dlundy@klaskolaw.com

4850-3102-9812, v. 1